**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

KEN D. BLACKBURN,                                          Case No. 12-31658-KKS
LAUREN A. BLACKBURN,                                       Chapter 7

               Debtors.

_____/

## ORDER SUSTAINING INTERNAL REVENUE SERVICE'S OBJECTION (Doc. 144) AND DENYING, AS TO IRS, DEBTORS' MOTION TO DETERMINE SECURED STATUS AND TO STRIP OFF JUNIOR LIENS (Doc. 135)

THIS MATTER came before the Court on the Debtors' *Motion to Determine Secured Status and to Strip off Junior Liens* (the "Motion," Doc. 135) and the Internal Revenue Service's (the "IRS") Objection (Doc. 144). The Court heard argument of counsel at a hearing on November 18, 2014. In the Motion the Debtors seek to strip off multiple creditors' liens on property at 6534 Watermark Cove in Gulf Breeze, Florida 32562 (the "Subject Property").[1] The only creditor to object was the IRS, so the following analysis and conclusion applies only to the IRS's secured claim.[2] Having reviewed the arguments of counsel, the undisputed facts, the pleadings and applicable case law, the Court finds that the IRS's Objection should be sustained and the Motion should be denied as to the IRS.

The parties stipulated to the material facts.[3] The Debtors filed their Chapter 7 Petition on December 26, 2012. On their Schedules they listed several parcels of real property having a total

---

[1] Doc. 135. The Motion requests the Court to (1) find that the First Mortgage has priority over all other liens described in the Motion and (2) determine that the holders of those other liens, including the IRS, do not have claims secured by the Subject Property pursuant to § 506(d).

[2] Because the time for objections has expired, the Motion will be granted as to the other creditors named in the Motion.

[3] *Joint Stipulation Regarding (A) Real Property at 6534 Watermark Cove and (B) Personal Liability for Unpaid Federal Taxes* (Doc. 156).

value of $643,288.00;[4] they listed personal property with an aggregate value of $428,598.67.[5] On Schedule C, they claimed exemptions totaling $419,658.00.[6] The Debtors did not claim a homestead exemption.[7]

The Subject Property is encumbered by several liens,[8] comprised of the first lien of Wells Fargo Mortgage in the amount of $120,184.28, the IRS Tax Liens and a judgment lien held by Hancock Bank.[9] The fair market value of the Subject Property is less than the amount due to Wells Fargo.[10] At the hearing, the IRS asserted and the Debtors did not contest that there was equity in the Debtors' other property.[11]

The IRS filed a claim and asserts Tax Liens totaling $136,711.66, including interest and penalties, for the years 2008-2010; it recorded liens in Santa Rosa and Okaloosa Counties (the "Tax Liens").[12] The Debtors' unpaid tax liabilities, if any, for 2007 and 2008 are dischargeable; any unpaid tax liabilities for 2009, 2010, and 2011 are not.[13] The issue before the Court is whether the IRS Tax Liens are divisible. If they are, then the IRS Tax Liens may be "stripped off" of the Subject Property. If they are not, then the IRS Tax Liens may not be "stripped down," and thereby stripped off this particular piece of property, in this Chapter 7.

The Debtors assert that because the first mortgage balance is greater than the Subject Property's value, pursuant to 11 U.S.C. § 506(d) the IRS Tax Liens are wholly unsecured as to, and may be

---

[4] Doc. 1 at 6.
[5] *Id.* at 7-11.
[6] *Id.* at 12-14.
[7] *Id.*
[8] *Joint Stipulation Regarding (A) Real Property at 6534 Watermark Cove and (B) Personal Liability for Unpaid Federal Taxes* (Doc. 156).
[9] Doc. 135, at 2.
[10] *Id.* at 3. The Debtors maintain that the value of the Subject Property is $92,000.00 based on an Appraisal Report attached to their Motion.
[11] Recording of hearing on November 18, 2014.
[12] Claim 5-1.
[13] Doc. 156 ¶¶ 7-8.

"stripped off" of, the Subject Property, even though the Tax Liens attached to other property, citing the Eleventh Circuit's decision in *McNeal v. GMAC* and other cases from the Eleventh Circuit.[14] They argue that the IRS's Tax Liens are divisible. The IRS disagrees, asserting that pursuant to 26 U.S.C. § 6321, as a matter of course federal tax liens attach automatically to all of a debtor's property and rights to property, both real and personal, upon assessment.[15] The IRS claims that the Tax Liens are indivisible, and that because they are secured by all of the Debtors' property any stripping of the Tax Liens would equate to a "strip down," which is not permitted in Chapter 7.[16] The Debtors do not question the plain language of 26 U.S.C. § 6321, but maintain that in spite of the wording the IRS lien on all of their real and personal property may be subdivided on a property by property basis.

The IRS cites to *In re Williams*, a Chapter 7 case in which the bankruptcy court disagreed with an argument identical to the one being made by the Debtors here.[17] In *Williams,* the IRS filed a federal tax lien against the debtors pre-petition; the debtors' only assets consisted of their home, worth less than the first mortgage, and some personal property.[18] The personal property was worth $46,500 and the debtors claimed exemptions of $29,200.[19] The Trustee filed a no asset report and the debtors received a discharge.[20]    The debtors filed an adversary proceeding against the IRS seeking a determination that the IRS lien on their home was void, alleging that the home was worth

---

[14] *In re McNeal,* 735 F.3d 1263 (11th Cir. 2012); Doc. 135 ¶ 10 (and cases cited therein).

[15] "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) *shall be a lien* in favor of the United States *upon all property and rights to property, whether real or personal, belonging to such person.*" 26 U.S.C. § 6321 (2014) (emphasis added).

[16] At the hearing, the Debtors conceded that if the Court found that they were attempting to "strip down" the Tax Liens, then the IRS would be correct in asserting that a "strip down" is prohibited in a Chapter 7 case. Recording of November 18, 2014 hearing.

[17] *In re Williams,* 488 B.R. 492 (Bankr. M.D. Ga. 2013).

[18] *Id.* at 493-94.

[19] *Id.*

[20] *Id.*

3

$210,000 and the first mortgage balance was $237,000; the parties filed cross-motions for summary judgment.[21]  After analyzing the issue in relation to *Dewsnup v. Timm* and *Mc Neal v. GMAC,* and the "nearly identical" case of *In re Hoekstra,*[22] the *Williams* court and granted summary judgment to the IRS, ruling that the IRS held "one claim" as to debtors' real and personal property and hat the debtors were prohibited from partially avoiding, or stripping down, the IRS's lien:

> Under §506(d) the question is whether the IRS's lien "secures a *claim* against the debtor that is not an allowed secured claim." 11 U.S.C. §506(d) (emphasis added). A "claim" is defined not by the existence and extent of collateral but by the existence and extent of debt. 11 U.S.C. §101(5)(A). … [The IRS's] claim is either an allowed secured claim for purposes of § 506(d) or it is not.  There is no basis to divide the claim into separate claims for each type of collateral-- i.e., one claim secured by the real property and a second claim secured by the personal property— which would then be independently analyzed to determine whether they are allowed secured claims.[23]

*Williams* and *Hoekstra* involved nearly identical facts to the case at bar. In *Hoekstra* the debtors sued the IRS to avoid its third priority lien on their townhouse in Virginia on the ground that there was no equity in the real property to which the IRS lien attached.[24]  The bankruptcy court ruled that the IRS lien was void because there was no value in the townhouse to which the lien could attach; the district court reversed.[25]  Rejecting the debtors' argument that tax liens should be treated "as distinct and individual liens as to each component of property underlying the lien,"[26] the district court reversed, finding that the language of 26 U.S.C. § 6321 "makes clear that the value of a federal lien for taxes is the sum of all the property that is subject to the lien."[27]  The district court

---

[21] *Id.*
[22] *Hoekstra v. U.S. (In re Hoekstra),* 255 B.R. 285 (E.D. Va. 2000).
[23] *In re Williams*, 488 B.R. at 498-99.
[24] *In re Hoekstra,* 255 B.R. at 286-87.
[25] *Id.* at 287.
[26] *In re Hoekstra,* 255 B.R. at 290.
[27] *Id.* at 290-91. ("Section 6321 does not state that there shall be 'liens' upon a debtor's real and personal property; it states that there shall be 'a lien,' or a single lien.")

4

concluded that because the debtors' personal property had value in excess of prior liens, the federal tax lien was still partially secured: "Because there remains 'recourse to collateral' underlying the United States' federal tax lien, the lien is not void."[28]  The *Hoekstra* court concluded:

> Creditor's [IRS's] federal tax lien against Debtors is undersecured because the Townhouse has no value.
> …
>
> Debtors here seek to avoid a portion of a lien where a component of the collateral has no value but other components of collateral have value.  The *Dewsnup* Court's clear prohibition against "stripping down" liens leads this Court to reverse the bankruptcy court's judgment voiding Creditor's lien against the Townhouse."[29]

As much as the facts in *Hoekstra* and *Williams* are analogous to those before this Court, the cases the Debtors cite in support of their Motion are distinguishable.  Most of the cases the Debtors cite involved liens that had attached to one parcel of specific property, not liens on all real and personal property of the debtors.[30]  The case on which the Debtors rely most heavily, *In re Johnson*,[31] while it dealt with a federal tax lien on all of the debtor's real and personal property, involved lien stripping in a Chapter 11 case, not a Chapter 7.

In *Johnson,* the IRS held a pre-petition tax lien on the debtor's real and personal property.[32] As of the petition date, there was no equity in the debtor's real property, but there was net equity of $41,374.88 in the debtor's personal property.[33]  In *Johnson,* unlike here, the IRS's claim was divided into three claims by stipulation:  its allowed secured claim was valued at $41,374.88 based on the value of the debtor's personal property, it's allowed unsecured priority claim was stipulated

---

[28] *Id.* at 291.
[29] *Id.* at 292.
[30] *McNeal v. GMAC Mort., LLC (In re McNeal)*, 735 F.3d 1263 (11th Cir. 2012); *Matter of Folendore*, 862 F.2d 1537 (11th Cir. 1989); *In re Campbell*, 498 B.R. 370 (Bankr. N.D. Ga. 2013); *In re Caulkett*, No. 14-10803, 2014 WL 2109054 (11th Cir. May 21, 2014)).
[31] *Johnson v. I.R.S. Dep't of Treasury of U.S. (In re Johnson),* 386 B.R. 171 (Bankr. W.D. Pa. 2008), *aff'd*, 415 B.R. 159 (W.D. Pa. 2009).
[32] *In re Johnson,* 415 B.R. at 163.
[33] *Id.*

to be $30,595.00, and its general unsecured claim was set at $109,079.88.[34]   The confirmed

Chapter 11 Plan and disclosure statement in *Johnson* were quite specific about how the IRS claims

would be treated:  the plan specified the amounts of the secured ($41,374.88) and priority claims

and provided that the debtor would pay the IRS one-hundred (100%) percent of those claims with

eight percent interest.[35]   The plan provided for the IRS's $41,374.88 lien on the personal property

to survive post-confirmation.[36]   The bankruptcy court in *Johnson* made it clear that "by voluntary

action of the IRS, the IRS lien, and therefore the amount of its secured claim, has been "stripped

down" to $41,374.83 ….."[37]   The bankruptcy court approved the modification of the IRS's secured

claim under the confirmed Chapter 11 plan, and held in the adversary proceeding that the debtor

could strip the IRS lien off the debtor's real property even though it remained partially secured by

the debtors' personal property.[38]   In affirming that decision the district court focused strongly on

how detailed the debtor's disclosure statement and plan were as to treatment of the IRS claims,

and the fact that he IRS did not challenge confirmation of the plan.[39]

Disagreeing with the ruling in *Hoekstra,*[40] the bankruptcy court in *Johnson* was "unpersuaded"

that an IRS federal tax lien is indivisible.  Focusing on an IRS regulation that authorizes the IRS

to voluntarily discharge a tax lien as to any property of no value to the United States, the

bankruptcy court in *Johnson* felt that it made "no sense" to deny relief to a debtor that the IRS

---

[34] *Id.* at 169.  The debtor in *Johnson* had also filed an adversary proceeding against the IRS asking the bankruptcy court to determine whether the IRS lien could be stripped from the debtor's real property.  *Id.* at 163.

[35] *Id.*

[36] *Id.* The debtor's total equity in all of the personal property was $41,374.88.

[37] 386 B.R. at 173.

[38] *In re Johnson*, 415 B.R. 159, 181-82 (W.D. Pa. 2009).

[39] 415 B.R. at 161-62.  In *Johnson* the debtor had filed an adversary proceeding against the IRS seeking a determination of the validity, priority, and extent of its lien; the adversary proceeding remained pending after the plan was confirmed. 386 B.R. at 172.

[40] *In re Johnson*, 386 B.R. at 179.

could give on its own.[41]    That court discussed the public policy of giving debtors a "fresh start"

in bankruptcy, and found that removing the federal tax lien from certain of the debtor's real

property was necessary to achieve such a "fresh start" after reorganization.[42]

Notwithstanding that the "stripping" of the IRS lien in *Johnson* was upheld, the district court's

ruling in *Johnson* supports the denial of the Debtors' request to "strip down" the IRS lien in the

case at bar.    Both the bankruptcy and district courts in *Johnson* emphasized that the IRS had

stipulated to the amount of its secured claim, and to the fact that its lien remained attached only to

the debtors' personal property.[43]    The district court reiterated the bankruptcy court's summary of

"lien stripping" versus "strip down" of liens:

> [T]he phrase "lien stripping" refers to the process of reducing a secured claim
> to reflect the value of the underlying collateral.  Variants of this phrase are a "strip-
> down" wherein an undersecured creditor's lien is reduced to the equity value held
> by the Debtor in the collateral (after the amount of any superior lien is deducted
> from the fair market value of the collateral), and, a "strip-off" wherein a wholly-
> unsecured creditor's lien is removed from collateral in which there is no equity
> value.[44]

That court discussed, at length, *Dewsnup v. Timm* and Code sections 506(a) and (d) and concluded

that "[t]he ultimate effect of the holding in *Dewsnup* is that a Chapter 7 debtor is prevented from

stripping down an allowed secured claim under §506(d)."    In affirming the bankruptcy court, the

district court ruled that the stripping of the tax lien under the confirmed plan, and §§506(a) and

1129(b)(5) of the Bankruptcy Code was proper under the facts in that case.[45]    That court did not

---

[41] *Id.* at 180. Section 6325(b)(2)(B) of Title 26 provides the mechanism for removal of an IRS lien from an affected property simply upon a showing by the taxpayer that no equity exists in the affected property. [41] *See*, 26 C.F.R. § 301.6325–1(b)(2)(ii):

> (ii) Interest of the United States valueless. The appropriate official may, in his discretion, issue a certificate
> of discharge of any part of the property subject to the Federal tax lien if he determines that the interest of the
> United States in the property to be so discharged has no value.

[42] *Id.* at 180 (". . . that lien will remain an anchor dragging him down from achieving the fresh start envisioned by the Code.").

[43] *Id.*; 415 B.R. at 161-162.

[44] *Id.* at 164.

[45] *Id.* at 159.

affirm the bankruptcy court's ruling that the IRS lien was divisible.[46]  It emphasized that a Chapter

11 debtor is allowed to modify secured claims, including those of the IRS, via a confirmed plan,[47]

and analogized the Chapter 11 case before it to a case in which a Chapter 13 debtor had been

allowed to strip an IRS lien under a confirmed plan:

> Chapter 11 contains an analogous provision to §1322(b)(2) of Chapter 13–
> §1123(b)(5).  Section 1123(b)(5) permits a debtor to "modify the rights of holders
> of secured claims" in conjunction with a Chapter 11 plan of reorganization.  11
> U.S.C. § 1123(b)(5).  Therefore, to strip a lien in a Chapter 11 proceeding, a court
> must bifurcate the lien into secured and unsecured claims under §506(a), and then,
> if a debtor's plan of reorganization meets the requirements of § 1123(a), a secured
> claim may be modified pursuant to § 1123(b)(5).[48]

In upholding the modification of the IRS's secured claim in the confirmed Chapter 11 plan,

the district court in *Johnson* pointed out that Section 506(d), as applied in Chapter 7 cases, does

not contain the safeguards contained in Code Sections 1129(b), 1225, or 1325 that govern

treatment of secured claims and lien rights in Chapter 11, 12 and 13 cases.[49]  The *Johnson* court

distinguished *Hoekstra* on the basis that *Hoekstra* involved a Chapter 7, acknowledging that under

*Dewsnup* Chapter 7 debtors cannot strip down liens.[50]

The bankruptcy court that decided *Johnson* has more recently dismissed an adversary

proceeding filed by a Chapter 7 debtor against the IRS seeking to strip down the IRS's secured

claim.[51]  Again acknowledging that lien stripping is permitted in Chapter 11, but not in Chapter 7,

---

[46] *Id.* at 170.  This Court disagrees with the *Johnson* bankruptcy court's conclusion that the IRS lien was divisible.
[47] *Id.* at 169, 170.
[48] *Id.* at 169.
[49] *In re Johnson*, 415 B.R. at 167.
[50] *In re Johnson*, 415 B.R. at 170 ("In this case, [the debtor's] confirmed Amended Plan of Reorganization obviates the concerns articulated by the Supreme Court in *Dewsnup* and the District Court in *Hoekstra*. [The debtor] is not in a position to receive any 'windfall' from the sale of his over encumbered real estate as he remains obligated to make payments to the IRS under his confirmed plan.")  *See also, In re Johnson*, 386 B.R. at 179. ("*Hoekstra* was decided in the context of a Chapter 7 liquidation proceeding . . . [and] was faced with clearly applicable precedent of *Dewsnup* . . . the present case is a reorganization under Chapter 11 . . . the majority view which is now also adopted by this Court, is that *Dewsnup* does not apply to lien stripping occurring in a reorganization.")
[51] *In re Geisler*, No. ADV 14-2098-CMB, 2014 WL 6608765 (Bankr. W.D. Pa. Nov. 19, 2014).

that court held:  "Debtor failed to provide a basis to permit lien stripping in this Chapter 7 case in light of *Dewsnup*."[52]

The courts in *Williams*, *Hoekstra*, and *Johnson* all recognized that *Dewsnup v. Timm* controls in Chapter 7 cases.  The District court in Johnson stated:   "[t]he ultimate effect of the holding in *Dewsnup* is that a Chapter 7 debtor is prevented from stripping down an allowed secured claim under § 506(d)."[53]  In the Eleventh Circuit, under *Folendore v. Small Business Administration* and *McNeal v. G.M.A.C.* the current law is that Section 506(d) allows a chapter 7 debtor to strip off a wholly underwater junior mortgage lien, in spite of the Supreme Court's ruling in *Dewsnup*.[54]  But, in this Chapter 7 case the debtors seek not to "strip off," but to "strip down" the IRS lien, so neither *McNeal* nor *Folendore* support the Debtors' cause.  As the *Williams* court put it:  "[T]he status of the IRS's lien determines whether *Dewsnup* applies or *McNeal* applies. If the IRS's lien is partially secured, *Dewsnup* prohibits strip down. If the IRS's lien is fully unsecured, Debtors may rely on *McNeal* to void the lien."[55]

In this Chapter 7 case, the fact that there is no equity in the Subject Property over and above the first mortgage does not render the IRS Tax Lien unsecured.  Rather, the Tax Lien remains secured, at least in part, by the Debtors' other property.  As the court in *Williams* put it, "as long as the claim can attach to some value, it is 'secured' for purposes of § 506(d)."[56]  Because the IRS

---

[52] *Id.* at 2. Even though the *Geisler* court was discussing "strip off" and not "strip down," the crucial point is that neither is permitted in Chapter 7.
[53] *Id.* at 166.
[54] *Matter of Folendore*, 862 F.2d 1537 (11th Cir. 1989); *McNeal v. GMAC Mortgage, LLC,* 735 F.3d, 1263, 1265 (11th Cir. 2012).  In November of 2014 the United States Supreme Court granted certiorari in two of the three Chapter 7 lien-strip-off cases challenging the Eleventh Circuit decision in *McNeal*.  *In re Toledo-Cardona,* 556 F. App'x 911, 912 (11th Cir.) *cert. granted sub nom. Bank of Am., N.A. v. Toledo-Cardona,* 135 S. Ct. 677 (2014) and *In re Caulkett,* 566 F. App'x 879, 880 (11th Cir.) *cert. granted sub nom. Bank of Am., N.A. v. Caulkett,* 135 S. Ct. 674 (2014) (petition granted Nov. 17, 2014) (consolidated for argument).  As of the date of this Order, oral argument has not yet been scheduled.  *See, also, In re Bello, 563 F. App'x 691 (11th Cir. 2014)* (still pending).
[55] *In re Williams*, 488 B.R. 492, 497 (Bankr. M.D. Ga. 2013).
[56] *Id.* at 499.

claim here is allowed and secured, the Debtors may not strip the Tax Lien down in this Chapter 7

under the guise of stripping it off this one selected parcel of property.  For the reasons stated, it is

ORDERED:

1.  The Internal Revenue Services' *Objection to Debtors' Motion to Determine Secured Status and to Strip of Junior Liens* (Doc. 144) is SUSTAINED.

2.  The Debtors' *Motion to Determine Secured Status and to Strip of Junior Liens* (Doc. 135) is DENIED as to the IRS.

3.  The Debtors' *Motion to Determine Secured Status and to Strip of Junior Liens* (Doc. 135) is GRANTED as to other parties named in the Motion.

4.  The Stipulation between the Debtors and the IRS that unpaid tax liabilities for the periods ending on 12/31/2007 and 12/31/2008 shall be discharged and unpaid tax liabilities for the periods ending 12/31/2009, 12/31/2010, and 12/31/2011 shall not be discharged[57] is CONFIRMED and APPROVED.

DONE and ORDERED in Tallahassee February 3, 2015.

Karen K. Specie
United States Bankruptcy Judge

---

[57] Doc. 156 ¶¶ 7-8.